FILED
AUG 04 2026
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

TYLER DIVISION

JIMMY WILSON,

Plaintiff,

v. Civil Action No. 6:26-CV-373-KNM

BROOKSHIRE GROCERY COMPANY

d/b/a FRESH,

Defendant.

ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff Jimmy Wilson ("Plaintiff"), appearing Pro Se, files this Original Complaint against Defendant Brookshire Grocery Company d/b/a Fresh ("Defendant") and alleges as follows:

I. PARTIES

1. Plaintiff Jimmy Wilson is an individual residing in Tyler, Smith County, Texas.

2. Defendant Brookshire Grocery Company is a Texas corporation conducting business throughout Texas, including Tyler, Texas, and may be served through its registered agent authorized to accept service of process under Texas law.

## II. JURISDICTION AND VENUE

3. This action arises under federal law including:

a. Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e;

b. Americans with Disabilities Act, 42 U.S.C. §12101 et seq.;

c. Age Discrimination in Employment Act, 29 U.S.C. §621 et seq.;

d. 28 U.S.C. §1331 providing federal question jurisdiction.

4. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §1391 because the unlawful employment practices complained of occurred within this judicial district.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff timely sought administrative relief through the Equal Employment Opportunity Commission ("EEOC").

6. The EEOC investigated Plaintiff's claims arising from disability discrimination, retaliation, age discrimination, hostile work environment, and constructive discharge.

7. In May 2026, the EEOC issued Plaintiff a Notice of Right to Sue.

8. Plaintiff files this action within the statutory filing period allowed by federal law.

## IV. FACTUAL BACKGROUND

9. Plaintiff was employed by Defendant at Defendant's Tyler, Texas location.

10. Plaintiff is over the age of forty (40) and is protected under the Age Discrimination in Employment Act.

11. Plaintiff suffers from Post-Traumatic Stress Disorder ("PTSD"), a recognized medical condition constituting a disability under the Americans with Disabilities Act.

12. In or around March 2025, Plaintiff informed management of his PTSD condition and communicated medical limitations affecting work scheduling.

13. Plaintiff requested accommodation regarding scheduling due to limitations associated with his PTSD condition.

14. Rather than engaging in a lawful interactive accommodation process, Defendant informed Plaintiff that modifying his schedule would negatively impact his pay.

15. Shortly thereafter, Plaintiff's work schedule was reduced from approximately five working days per week to approximately three working days per week.

16. Defendant's actions caused a direct reduction in Plaintiff's income and materially altered Plaintiff's working conditions.

17. In or around July 2025, Plaintiff engaged in protected activity by reporting discriminatory conduct and workplace mistreatment.

18. Following Plaintiff's protected complaints, Defendant began subjecting Plaintiff to retaliatory conduct.

19. Defendant management began treating Plaintiff differently than similarly situated employees.

20. Plaintiff was subjected to unusual scrutiny, surveillance, monitoring, and workplace hostility.

21. Management communicated actions and behavior indicating Plaintiff should be monitored in a manner inconsistent with treatment of other employees.

22. Plaintiff experienced humiliation and retaliatory conduct within the workplace following protected complaints.

23. In or around January 2026, Plaintiff was accused of sexual harassment.

24. Defendant failed to produce supporting evidence substantiating such accusation.

25. Plaintiff received no disciplinary write-ups establishing legitimate misconduct.

26. Defendant nevertheless continued subjecting Plaintiff to adverse treatment.

27. On or about February 13, 2026, Defendant transferred Plaintiff from Tyler, Texas to a work location in Longview, Texas.

28. The transfer substantially increased Plaintiff's commute by approximately fifty (50) miles and created significant hardship.

29. Plaintiff reasonably believed the transfer constituted retaliatory conduct in response to prior complaints and protected activity.

30. Defendant continued pressuring Plaintiff concerning his disability status and medical condition.

31. Plaintiff experienced worsening workplace hostility after disclosing PTSD and engaging in protected complaints.

32. On or about March 7, 2026, Plaintiff experienced vehicle failure creating severe transportation hardship.

33. Defendant had already created working conditions which had become objectively intolerable.

34. On or about March 9, 2026, Plaintiff's employment ended after Defendant's continuing retaliation, discriminatory conduct, transfer hardship, pay reduction, hostile treatment, and refusal to reasonably accommodate Plaintiff's disability.

35. Defendant intentionally and continuously created working conditions that would cause a reasonable employee to feel forced from employment.

36. Defendant's conduct constituted constructive discharge.

37. Defendant's actions caused Plaintiff substantial economic damages, emotional distress, humiliation, mental anguish, and other legally recoverable damages.

## V. CONTINUING PATTERN OF DISCRIMINATION AND RETALIATION

38. Defendant's unlawful conduct was continuous and ongoing from at least March 2025 through March 9, 2026.

39. Defendant's adverse actions were not isolated incidents.

40. Each retaliatory act formed part of an ongoing pattern of discrimination, retaliation, harassment, and adverse employment conduct.

41. Defendant's unlawful conduct escalated following Plaintiff's protected activity and disability disclosures.

## VI. CAUSES OF ACTION

### COUNT I — RETALIATION

(Title VII and ADA)

42. Plaintiff incorporates all preceding paragraphs.

43. Plaintiff engaged in legally protected activity by reporting workplace discrimination and opposing unlawful conduct.

44. Defendant retaliated through adverse employment actions including reduced hours, pay reduction, surveillance, heightened scrutiny, hostile treatment, retaliatory transfer, and constructive discharge.

45. Defendant's conduct violated federal anti-retaliation protections.

### COUNT II — DISABILITY DISCRIMINATION

(ADA)

46. Plaintiff incorporates all preceding paragraphs.

47. Plaintiff suffers from PTSD constituting a disability protected under federal law.

48. Defendant treated Plaintiff adversely because of disability and/or perceived disability.

49. Defendant unlawfully singled Plaintiff out after disclosure of medical condition.

50. Defendant discriminated against Plaintiff in violation of the ADA.

COUNT III — FAILURE TO REASONABLY ACCOMMODATE

(ADA)

51. Plaintiff incorporates all preceding paragraphs.

52. Plaintiff requested reasonable accommodation relating to scheduling limitations.

53. Defendant refused accommodation.

54. Defendant reduced Plaintiff's pay rather than engaging in lawful accommodation procedures.

55. Defendant failed to engage in the required interactive process.

56. Defendant violated the Americans with Disabilities Act.

COUNT IV — AGE DISCRIMINATION

(ADEA)

57. Plaintiff incorporates all preceding paragraphs.

58. Plaintiff was over forty years of age.

59. Defendant treated Plaintiff differently based upon age and subjected Plaintiff to unequal treatment.

60. Defendant violated the Age Discrimination in Employment Act.

## COUNT V — HOSTILE WORK ENVIRONMENT

61. Plaintiff incorporates all preceding paragraphs.

62. Defendant subjected Plaintiff to severe and pervasive workplace hostility, intimidation, monitoring, humiliation, retaliation, and harassment.

63. Defendant materially altered the terms and conditions of employment creating an abusive work environment.

## COUNT VI — CONSTRUCTIVE DISCHARGE

64. Plaintiff incorporates all preceding paragraphs.

65. Defendant intentionally created objectively intolerable working conditions.

66. Defendant's conduct included retaliation, reduced pay, schedule reduction, transfer hardship, hostility, disability discrimination, excessive scrutiny, and ongoing harassment.

67. Defendant's actions forced Plaintiff from employment.

68. Defendant constructively discharged Plaintiff.

## VII. DAMAGES

69. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered:

- Lost wages
- Lost earning capacity
- Emotional distress
- Mental anguish

- Humiliation
- *Damage to reputation*
- Medical-related damages
- Other compensatory damages allowed by law

70. Defendant acted willfully and with reckless disregard for Plaintiff's federally protected rights.

71. Plaintiff seeks punitive damages where legally permitted.

VIII. JURY DEMAND

72. Plaintiff demands trial by jury on all issues triable by jury.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendant and requests:

A. Back pay;

B. Front pay;

C. Compensatory damages;

D. Punitive damages;

E. Court costs;

F. Pre-judgment and post-judgment interest;

G. Such additional relief the Court deems just and proper.

Respectfully submitted,

Jimmy Wilson

Jimmy Wilson

416 West Woldert Street Apt A

Tyler, Texas 75702

469-826-9979

wilsonjimmy58@yahoo.com

PLAINTIFF PRO SE

Date: ~~July~~ Aug. 3, 2026