**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **JIMMY WILSON** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.** |
| | § | **6:26-CV-00373-KNM** |
| **BROOKSHIRE GROCERY** | § | **JURY** |
| **COMPANY d/b/a FRESH** | § | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT**

Defendant Brookshire Grocery Company d/b/a FRESH ("Defendant" or "Brookshire's") files this Motion to Dismiss Plaintiff Jimmy Wilson's ("Plaintiff") First Amended Complaint (Doc. 15) under Federal Rule of Civil Procedure 12(b)(6) and Brief in Support, and respectfully shows the Court as follows:

## I. INTRODUCTION

Plaintiff's First Amended Complaint, filed in response to Defendant's Motion to Dismiss, fails to cure the fundamental pleading defects identified by Defendant. Plaintiff still relies on conclusory labels: "discrimination," "retaliation," "hostile," and "constructive discharge" layered over allegations that, even taken as true, do not plausibly connect Plaintiff's alleged protected characteristics or activity to any adverse employment action taken by an identified decision-maker. In fact, several of the Plaintiff's own admissions affirmatively defeat the claims he attempts to plead. Accordingly, Plaintiff's First Amended Complaint should be dismissed with prejudice.

## II. FACTUAL BACKGROUND

Plaintiff, over 40 and allegedly diagnosed with PTSD, worked as a cook at FRESH by

Brookshire's Store No. 801 in Tyler. Doc. 15 ¶¶ 4, 6, 57[1]. In March 2025, Plaintiff alleges he requested Fridays and Sundays off for counseling and treatment; and, management said the store was too busy to grant that schedule. *Id.* ¶¶ 7–8. He alleges he separately requested, and was granted, Sundays off for a religious reason. *Id.* at ¶¶ 3, 9. Plaintiff also alleges that his regular schedule was later reduced from about five days a week to about three days. *Id.* at ¶¶ 10–11. Around the same time, Plaintiff alleges he was told he was "old" and "fat" and needed to lose weight, and was reprimanded for attendance issues he attributes to his condition. *Id.* at ¶¶ 13–14.

On July 21 and July 28, 2025, Plaintiff states that he submitted written HR complaints alleging discrimination, retaliation, and failure to accommodate. *Id.* at ¶¶ 15–16. He alleges, without providing any factual support, that he then faced heightened scrutiny and, separately, an unsubstantiated accusation of sexual misconduct. *Id.* at ¶¶ 18–19.

At some point between July 28, 2025 and February 13, 2026, Plaintiff admits he was accused of sexual misconduct or sexual harassment. *Id.* at ¶ 17. Plaintiff, however, fails to provide any specific information or details regarding the sexual misconduct or sexual harassment accusation against him.

On February 13, 2026, General Manager Mike Yates transferred Plaintiff to Store No. 803 in Longview, about 50 miles away. *Id.* at ¶¶ 20–21. In late February and early March 2026, a supervisor allegedly told Plaintiff he was being "monitored," and another manager asked him to prove he had PTSD. *Id.* at ¶¶ 22–23. In early March 2026, Plaintiff's vehicle broke down, leaving him unable to make the Longview commute and thus, his resignation. *Id.* at ¶ 24.

[1] For the Court's convenience, Defendant identifies Plaintiff's paragraph by numbers, even though the First Amended Petition does not include specific paragraph numbers after paragraph 5.

## III. STANDARD OF REVIEW

A complaint that fails to provide enough facts on its face to state a plausible claim for relief warrants dismissal. Fed. R. Civ. P. 12(b)(6). "A cause of action can fail to state a 'claim upon which relief can be granted' if, *inter alia*, it fails to comply with the requirements of Rule 8(a)(2)." *Dell, Inc. v. This Old Stores, Inc.,* No. H-07-0561, 2007 U.S. Dist. LEXIS 47818 (S.D. Tex. July 2, 2007). Plaintiff must allege sufficient facts to support a "plausible," and not merely "conceivable," claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint need not contain detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Id.* at 555. A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

While the Court must accept allegations as true in the context of a motion to dismiss, this principle does not apply to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . [Rule 8] does not unlock the doors of discovery for a plaintiff armed with nothing more than mere conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Legal conclusions must be supported by factual allegations. *Id.* As the Supreme Court has explained, a valid complaint must do more than give "a formulaic recitation of the elements of a cause of action." *Twombly* at 555. Even though Plaintiff is *pro se* and held to less stringent standards than lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002) (quoting *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)). And the Court should not strain to find inferences favorable to the plaintiff. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005). Nor is the Court required to sift through the pleading and/or its

attachments to find a valid claim. *See, e.g., Hall v. Civ. Air Patrol, Inc.*, 193 Fed. App'x. 298, 299 (5th Cir. 2006).

"Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006) (quoting *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)). Although a plaintiff is not required to allege a prima facie case of discrimination to survive a 12(b)(6) motion, a plaintiff must allege a connection between the protected class and the discrimination or harassment. *See Raj v. La. State Univ.,* 714 F.3d 322, 331 (5th Cir. 2013). It is insufficient to assert a legal conclusion that the plaintiff was discriminated against because of her protected class. *Wesley v. Scobee Foods, Inc.,* No. 3:12-CV-1836-K-BH, 2013 U.S. Dist. LEXIS 92052, at *14 n.6 (N.D. Tex. May 24, 2013), *adopted by* 2013 U.S. Dist. LEXIS 92225 (N.D. Tex. June 28, 2013). Rather, the plaintiff must allege sufficient facts to at least create an inference that he was discriminated against because of his protected class. *Id.*

## IV. ARGUMENT

### A. Plaintiff's ADA disability discrimination claim (Count I) fails to plausibly allege the essential elements of a disability discrimination claim.

#### *1. Plaintiff's Amended Complaint failed to state a claim for disability discrimination under the ADA because it lacks any details identifying his disability or his limitations.*

A plaintiff seeking relief for disability discrimination must plead that he has a disability. *Mora v. Univ. of Tex. Sw. Med. Ctr.*, 469 Fed. App'x 295, 297 (5th Cir. 2012). The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). To properly plead a disability claim, the plaintiff must identify which "life activities" are substantially limited. *Mora,* 469 Fed. App'x at

297. Failing to describe plaintiff's limited life activities "is fatal to stating a valid claim for relief." *Id.* (holding plaintiff failed to state a claim when she alleged a disability but failed to identify substantial limitations of any life activity). The mere fact that Plaintiff referred to PTSD, or that other courts have held that PTSD is a disability, does not eliminate Plaintiff's responsibility to plead sufficient facts to establish that his diagnosis of PTSD is a disability. *Tovar v. City of Dallas,* Civ. Action No. 3:23-cv-00505-M, 2024 WL 2097961 at *3 (N.D. Tex. May 9, 2024) (finding plaintiff failed to allege a disability by merely pleading she was on medication, was being treated for PTSD, and was placed on leave for PTSD).

Here, Plaintiff's First Amended Complaint is devoid of any specific details regarding his alleged disability. Plaintiff claims he "had PTSD and other documented medical conditions" and "sought schedule flexibility connected to therapy, counseling, physical treatment, and limitations associated with his condition." Doc. 15 ¶ 6. He does not state at any time what "life activities" are substantially limited, the nature or severity of his PTSD, or anything specific about how the diagnosis of PTSD impacts him. There are also no details as to these other alleged documented medical conditions or any explanation of which life activities were limited as to these other medical conditions. Plaintiff's complaint alleges far less than what the Fifth Circuit held was deficient in *Mora*. *See Mora*, 469 Fed. App'x at 297-98. Thus, Plaintiff's claim should be dismissed because he failed to identify limitations in his life activities and therefore failed to state a claim for disability discrimination under the ADA.

2. *Plaintiff has not plausibly alleged that his request for schedule accommodation led to his transfer nearly a year later.*

To state a claim for disability discrimination under the ADA, Plaintiff must plausibly allege that he (1) has a disability, (2) was qualified for the position, and (3) was subject to an adverse employment action because of his disability. *See Cannon v. Jacobs Field Servs. N. Am., Inc.*, 813

F.3d 586, 590 (5th Cir. 2016). Plaintiff's own timeline in his First Amended Complaint defeats the necessary causal element.

Plaintiff alleges he disclosed his PTSD and requested a schedule accommodation in March 2025. Doc. 15 ¶¶ 6–10. The transfer he identifies as the principal adverse action did not occur until February 13, 2026: roughly eleven months later. *Id.* at ¶ 30. A gap of that length, standing alone, does not support an inference of causation, and Plaintiff pleads no intervening disability-related conduct by the transferring decisionmaker (identified only as "General Manager Mike Yates") connecting the two events. *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001) (temporal proximity of even three or four months, standing alone, is generally insufficient). The isolated allegation that an unidentified "Chef Scott" asked Plaintiff, after the transfer, to "provide proof that he had PTSD" (Doc. 15 ¶ 26) does not cure this defect. Plaintiff does not allege Chef Scott had any role in the transfer, the schedule reduction, or any other adverse action, or that Chef Scott was a decision-maker at all.

The schedule reduction itself (the only other action plausibly tied in time to Plaintiff's March 2025 disclosure) is, by Plaintiff's own pleading, the product of an accommodation request followed by a business response, not disability-based animus. Plaintiff alleges management told him the requested Friday/Sunday schedule was unavailable because "the store was too busy," and that his request not to work Sundays was separately granted on religious grounds. Doc. 15 ¶¶ 8–10. An employer's inability to grant a specific requested schedule, standing alone, does not plausibly show that the resulting schedule was imposed because of Plaintiff's disability rather than staffing needs. *See Griffin v. United Parcel Serv.*, Inc., 661 F.3d 216, 224 (5th Cir. 2011) (generally, adverse decisions made for legitimate, nondiscriminatory operational reasons do not support an inference of discriminatory intent absent additional facts).

**B. Plaintiff's failure to accommodate claim (Count II) does not plausibly allege that Defendant failed to engage in the interactive process or denied a reasonable accommodation.**

A failure to accommodate claim requires factual allegations that Plaintiff requested a specific, reasonable accommodation and that Defendant refused to provide it or to engage in the interactive process. *See Feist v. La., Dep't of Justice*, 730 F.3d 450, 452 (5th Cir. 2013). The First Amended Complaint alleges the opposite of a refusal to engage: it alleges management responded to the March 2025 request by explaining a business constraint (staffing/"too busy"), and Plaintiff was working on gathering the necessary document to request an accommodation. Doc. 15 ¶¶ 8–10. Defendant separately granted the overlapping Sunday-off request Plaintiff also made. Doc. 15 ¶¶ 8–10. An employer that offers a partial accommodation and explains why a specific requested schedule cannot be provided has engaged in the interactive process as a matter of law; the ADA does not entitle an employee to the accommodation of his choice, only to a reasonable one. *See EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 621 (5th Cir. 2009). Plaintiff does not allege that a five-day, Friday/Sunday-off schedule was the only reasonable accommodation available, nor does he allege that he requested and was refused any other, narrower accommodation (e.g., different days, a modified shift).

Plaintiff likewise cannot prevail on a claim for failure to accommodation because Plaintiff has failed to sufficiently allege that he is disabled. *See supra.*

Further, Plaintiff does not plausibly connect the subsequent reduction from five to three working days to the accommodation request as opposed to a permissible business response following the request. Plaintiff's own theory is internally inconsistent — he alleges the reduction "occurred in the context of his medical accommodation request and was not the accommodation he requested" (Doc. 15 ¶ 11), which is, at most, an allegation that Defendant did not give Plaintiff

everything he asked for, not that Defendant denied a reasonable accommodation or refused to engage in the process. Therefore, Plaintiff's claim for failure to accommodate must be dismissed for failure to state a claim.

**C. Plaintiff's ADA and Title VII retaliation claim (Count III) must fail because Plaintiff has not substantiated a claim based on a protected action and has failed to plausibly allege a causal link to a decision-maker.**

*1. Plaintiff failed to substantiate any claim based on a protected attribute or action under Title VII.*

Plaintiff failed to allege any facts to substantiate a Title VII retaliation claim. Plaintiff states in his First Amended Complaint that after he engaged in protected activities, he "experienced materially adverse treatment including reduced hours and income, heightened monitoring, an unsupported misconduct accusation, transfer to Store No. 803, and a demand for proof of PTSD." Doc. 15 ¶ 39. Plaintiff further alleges that he submitted to HR complaints requesting an investigation into "discrimination, retaliation, attendance treatment, medical-condition-related treatment, scheduling, reduced hours, public reprimands, and unequal treatment." and filed an EEOC Charge. *Id.* at ¶¶ 13-15.

To establish a prima facie retaliation claim under Title VII, plaintiff employee must prove that: (1) he engaged in an activity that Title VII protects; (2) employer carried out an adverse employment action; and (3) a causal nexus exists between his protected activity and employer's adverse action. Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq. Protected activities consist of (1) opposing any practice deemed an unlawful employment practice by [T]itle VII (the 'opposition clause') or (2) making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under [T]itle VII (the 'participation clause')." *Ellis v. Compass Grp. USA, Inc.*, 426 Fed. App'x 292, 296 (5th Cir. 2011). The ADA is consistent

with Title VII for protected activities and retaliation. *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 303-04 (5th Cir. 2020) (quoting 42 U.S.C. § 12203(a)).

Plaintiff fails to provide the required specificity to allege a claim for retaliation. Plaintiff does not allege any facts substantiating that the alleged "discrimination and unlawful conduct" was actually an unlawful employment practice under Title VII or the ADA. In fact, Plaintiff has not identified any specific protected class under Title VII. The Fifth Circuit has "consistently held that a vague complaint, without any reference to an unlawful employment practice under Title VII, does not constitute protected activity." *Davis v. Dallas Indep. Sch. Dist.*, 448 Fed. App'x 485, 493 (5th Cir. 2011). Importantly, complaints about "wages paid, hours of work, and working conditions" do not amount to protected activity under Title VII. *Allen v. Envirogreen Landscape Pros., Inc.*, 721 Fed. App'x 322, 326–27 (5th Cir. 2017). This makes sense because a "protected activity" under Title VII must, necessarily, relate to "discriminatory practices based on race, color, religion, sex, or national origin." *See id.*; 42 U.S.C § 2000e-2(a)(1). Here, Plaintiff's First Amended Complaint is devoid of any specific facts regarding the allegedly reported "discriminatory conduct and workplace mistreatment." To the extent that Plaintiff is alleging the requested accommodation is the grounds for retaliation, Plaintiff's claims still fails. *See supra* IV.A.2.

2. *Plaintiff fails to demonstrate the requisite causal relationship.*

A retaliation claim requires plausible allegations that Plaintiff engaged in protected activity, suffered a materially adverse action, and that a causal link exists between the two. *See Feist*, 730 F.3d at 454. Plaintiff identifies his protected activity as the July 21 and July 28, 2025 HR complaints. Doc. 15 ¶¶ 14–15. The adverse actions Plaintiff lists — heightened scrutiny; an accusation later unsubstantiated; the February 2026 transfer; and a demand for proof of PTSD- are

each not attributed to anyone or attributed to individuals (Chef Rocky Wright, manager "Monica," Chef Scott) whom Plaintiff does not allege had any knowledge of the July 2025 HR complaints, let alone authority to retaliate for them. *Id.* at ¶¶ 20–26. A retaliation claim requires that the individual who took the adverse action knew of the protected activity; Plaintiff pleads no such knowledge by Store No. 803 personnel, who did not begin supervising Plaintiff until after the February 2026 transfer. *Chaney v. New Orleans Pub. Facility Mgmt., Inc.,* 179 F.3d 164, 168 (5th Cir. 1999). ("If an employer is unaware of an employee's protected conduct at the time of the adverse employment action, the employer plainly could not have retaliated against the employee based on that conduct.").

As to General Manager Mike Yates, who allegedly authorized the transfer, the First Amended Complaint alleges no facts connecting Yates to the July 2025 complaints — only Plaintiff's own subjective belief. Plaintiff's assertion that he "reasonably believed the transfer constituted retaliatory conduct" is exactly the type of conclusory, belief-based pleading that *Twombly* and *Iqbal* reject.

Finally, as Plaintiff himself admits, Plaintiff was accused of sexual misconduct or sexual misconduct. Regardless of whether Plaintiff actually committed the accused sexual allegations, Defendant was required to take the necessary action as required by the applicable law, including an investigation, separation, etc. Plaintiff cannot use Title VII and the ADA as both a sword and a shield.

Therefore, this Court should dismiss Plaintiff's claim for retaliation.

**D. Plaintiff's Title VII claim regarding religion (Count IV) must be dismissed.**

*1. Plaintiff failed to exhaust his claim for religious discrimination and retaliation.*

Before a plaintiff may sue under Title VII, he must exhaust administrative remedies by presenting the claim to the EEOC and obtaining a right-to-sue notice; a district court's jurisdiction is limited to claims that were raised in the EEOC charge or that could reasonably be expected to grow out of the charge's investigation. *See Pacheco v. Mineta*, 448 F.3d 783, 788–89 (5th Cir. 2006). Plaintiff did not attach his Charge of Discrimination to either Complaint in this lawsuit. Plaintiff's Original Complaint stated "[t]he EEOC investigated Plaintiff's claims arising from disability discrimination, retaliation, age discrimination, hostile work environment, and constructive discharge." Doc. 1 ¶6. Importantly, religion is not mentioned at all. Plaintiff's First Amended Complaint provides even less details regarding the necessary exhaustion requirement. The First Amended Complaint contains a few vague references to the EEOC's record but no specific details as to the scope of the exhaustion. Even more indicative, Count IV for Title VII Religion is the only Count for which Plaintiff specifically notes "to the extent exhausted." Doc. 15 §VII. This conclusory acknowledgement fails to demonstrate the necessary exhaustion of religious discrimination. Therefore, dismissal is appropriate.

*2. Because there is no discriminatory animus towards Plaintiff's religion, Plaintiff has not alleged a claim for religious discrimination.*

Plaintiff admits in his First Amended Complaint that he does not have a claim for religious discrimination. Plaintiff admits the loss of wages due to the religious accommodation was not discrimination. Doc. 15 ¶ 43. Plaintiff fails to provide any information regarding alleged religious discrimination. Instead, he simply refers to the EEOC record, which is not attached to his First Amended Complaint. *Id.* Plaintiff has not provided any facts regarding discriminatory animus of

any kind, references to his religious, or anyone else's religion. Therefore, to the extent that such claims are not exhausted, Plaintiff's claims should still be dismissed for failure to state a claim.

### E. Plaintiff's Age Discrimination in Employment Act (ADEA) age-discrimination claim (Count V) must fail as Plaintiff relies on legally insufficient conclusory statements.

Plaintiff's First Amended Complaint is devoid of any facts alleging age discrimination. Plaintiff must allege that he was terminated because of his age or that he was replaced by someone younger. *See Gillie v. Louisiana Dept. of State Civil Serv.*, 559 Fed. App'x 333, 335 (5th Cir. 2014) (affirming dismissal of ADEA claim because plaintiff did not allege that she was terminated as a result of her age or that she was replaced by someone younger). Plaintiff's First Amended Complaint lacks any mention or facts regarding Plaintiff's replacement.

Furthermore, Plaintiff has not alleged any facts demonstrating a discriminatory animus based on his age. The mere fact that Plaintiff was "over forty years of age" (Doc. 15 ¶ 47) is nothing more than a fact. The sole factual allegation Plaintiff offers to support his claim for age discrimination is that, on one occasion in March 2025, Plaintiff was called "old" and "fat." *Id.* at ¶ 36. Plaintiff does not attribute that one statement to any identified decision-maker who took an adverse action against him. He also does not allege the speaker played any role in the transfer, the schedule change, or the end of his employment nearly a year later. Age-related comments untethered to the employment decision at issue are properly treated as non-actionable "stray remarks." *See Reed v. Neopost USA, Inc.,* 701 F.3d 434, 441 (5th Cir. 2012) (a remark may serve as sufficient evidence of discrimination only if it is (1) related to the protected characteristic, (2) proximate in time to the employment decision, (3) made by an individual with authority over the decision, and (4) related to the decision at issue); *see also Norris v. Saafe House,* No. 4:23-CV-752, 2023 WL 8456140 at *3 (S.D. Tex. Dec. 6, 2023) (finding plaintiff failed to state a claim for

age discrimination despite multiple board members calling her the "old woman" because they do not relate to the decision to terminate plaintiff or mention hiring younger employees).

Plaintiff's First Amended Complaint merely summarily concluded "that age was a motivating factor in the challenged employment decisions and, to the extent required, a but-for cause of the adverse employment action." Doc. 15 ¶ 49. Yet, Plaintiff failed to provide any details or facts evidencing a discriminatory animus. At no other point in his pleading does Plaintiff mention his age or provide any reason to believe that his age played any part in the events alleged during his employment.

Finally, the ADEA requires "but for" evidence of pretext. *Gross v. FBL Fin. Servs.*, 577 U.S. 167, 174, 176 (2009). Based on the other facts in Plaintiff's petition, including the alleged sexual harassment, it is clear Plaintiff cannot plausibly establish that but for his age, he would not have been terminated. *See Fierro v. Knight Transp.*, No. EP-12-CV-00218-DCG, 2012 WL 4321304, at *7 (W.D. Tex. Sept. 18, 2012) (dismissing ADEA claim when plaintiff did not allege facts that plausibly suggested that his age was the "but for" cause of employer's alleged refusal to grant his requests for accommodations).

As such, Plaintiff's assertion of age discrimination is nothing more than a legal conclusion and is insufficient to state a claim of age discrimination.

**F. Plaintiff fails to state a claim for hostile-work-environment claim (Count VI).**

To establish a hostile work environment claim, Plaintiff must show that: (1) he belongs to a protected group, (2) was subject to unwelcome harassment (3) based on his age or disability (or any other protected class), (4) which affected a term, condition, or privilege of employment, and (5) Defendant knew or should have known of the harassment and failed to take prompt, remedial action. *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 235-36 (5th Cir. 2001) (internal

quotation marks and citation omitted). "[H]arassment must be sufficiently pervasive or severe to alter the conditions of employment and create an abusive working environment." *Id.* at 236 (internal quotation marks and citation omitted). In determining whether harassment is sufficiently pervasive or severe, we consider "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 445 (5th Cir. 2017) (internal quotation marks and citation omitted). "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) do not suffice to alter the terms and conditions of employment." *Id.* (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998)); *see also Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 509 (5th Cir. 2003) ("The legal standard for workplace harassment in this circuit is ... high.").

The First Amended Complaint alleges, over a roughly year-long period, one single incident of age-related name-calling, generalized "heightened scrutiny" of breaks and restroom use, and one request to "prove" a disability. Doc. 15 ¶¶ 20–26, 36, 40–41. Sporadic, isolated incidents of this kind, even if unprofessional, do not rise to the level of severe or pervasive conduct required to state a hostile-work-environment claim. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) ("simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment").

Plaintiff again lists legal conclusions without facts to support his claims. Plaintiff fails to provide who specifically made the comments (which is critical to evaluating the final factor for alleging a hostile work environment), whether anyone else was present for these alleged comments, whether the isolated comments were physically threatening, or any factual information

regarding the statement's interference (if any) on the terms, conditions or privileges of his employment and/or his work performance. Finally, Plaintiff failed to allege any facts showing that he complained of the alleged conduct and that Defendant failed to remediate it. The incidents Plaintiff describes are sporadic and isolated and do not rise to the level of severe or pervasive conduct required to state a hostile-work-environment claim. *See, e.g., Carranza v. Shelton & Valdez, P.C.,* SA-22-CV-00025, 2023 WL 149070 at *6-7 (W.D. Tex. Jan. 10, 2023) (granting summary judgment despite plaintiff called "vieja" daily for two weeks, comments about hair color and lack of hearing because no evidence as to impact on terms and conditions of employment, and failing to rise to the necessary level of severity); *Norris,* 2023 WL 8456140 at *5 (being called "the old woman" is not severe or objectively offensive and plaintiff failed to allege the comments were threatening or how they interfered with her work performance). None of those elements are plausibly pleaded here. Therefore, Plaintiff has failed to state a claim for hostile work environment.

**G. Plaintiff has not plausibly pleaded constructive discharge (Count VII) — and his own allegations attribute the end of his employment to a personal vehicle breakdown, not to Defendant's conduct.**

Constructive discharge requires allegations that working conditions were so intolerable that a reasonable employee would feel compelled to resign — a standard more demanding than that for a hostile work environment. See *Pennsylvania State Police v. Suders*, 542 U.S. 129, 147 (2004); *Brown v. Kinney Shoe Corp*., 237 F.3d 556, 566 (5th Cir. 2001). Ultimately, to succeed on a constructive discharge claim, the plaintiff must show a greater degree of harassment than is required for a hostile work environment claim. *Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998). Because Plaintiff failed to allege sufficient facts to state a claim for hostile work environment, he likewise failed to allege any facts showing constructive discharge. *See supra* IV.F.

A transfer being inconvenient or unwanted likewise does not constitute constructive discharge. In fact, a purely lateral transfer cannot constitute an adverse employment action. *Burger v. Central Apt. Mgmt., Inc*., 168 F.3d 875, 879 (5th Cir. 1999). A transfer is purely lateral where the new position had "the same job title, benefits, duties, and responsibilities" as the old position. *Hockman v. Westward Commc'ns, LLC,* 407 F.3d 317, 331 (5th Cir. 2004) (citing *Burger* at 879) (finding that a transfer to another branch was not an adverse employment action where the employee retained the same pay, duties, and benefits).

The First Amended Complaint does not allege that Plaintiff resigned because of intolerable conditions; it alleges that "in early March 2026, Plaintiff's vehicle broke down," that the breakdown left him unable to maintain the Longview commute, and that his "employment ended shortly thereafter." Doc. 15 ¶¶ 31–32. Plaintiff does not allege Defendant terminated him, nor does he allege facts showing Defendant intended to force his resignation. A personal vehicle failure is not attributable to the employer, and an employee's inability to get to work because of a mechanical breakdown does not transform a voluntary separation into a constructive discharge. Plaintiff's attempt to fold the vehicle breakdown into a broader "cumulative working conditions" narrative does not supply the missing causal link between any conduct by Defendant and the end of Plaintiff's employment; at most, the First Amended Complaint alleges that Defendant's conduct was background context for an intervening, non-employment-related personal event that Plaintiff identifies as the actual proximate cause of his separation.

Thus, Plaintiff's claim for constructive discharge must be dismissed.

## V. CONCLUSION AND PRAYER

Plaintiff has now had two opportunities to plead viable claims, and still has not done so. Plaintiff's First Amended Complaint continues to be replete with generalities, conclusions and

mere titles. Several of Plaintiff's own factual allegations affirmatively defeat the claims asserted: that his Sunday religious request was granted; that his employment ended after a personal vehicle breakdown; and that the individuals he accuses of retaliatory or discriminatory conduct are not alleged to have known of his protected activity or disability.

For the foregoing reasons, Defendant respectfully requests that the Court grant its Motion to Dismiss Plaintiff's First Amended Complaint, dismiss all of Plaintiff's claims in their entirety with prejudice, and grant Defendant such other and further relief to which it may be justly entitled.

**Respectfully submitted,**

**COBB MARTINEZ WOODWARD PLLC**
1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201
214.220.5210
214.220.5299 Fax

By: */s/ Stacy Hoffman Bruce*
**STACY HOFFMAN BRUCE**
Texas Bar No. 24036793
sbruce@cobbmartinez.com
**BESSIE BRONSTEIN**
Texas Bar No. 24118304
bbronstein@cobbmartinez.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2026, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the Pro Se Plaintiff and by electronic mail by Defendant's counsel.

*/s/ Stacy Hoffman Bruce*
**STACY HOFFMAN BRUCE**
**BESSIE BRONSTEIN**