UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

FILED
OCT 15 2026
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

**JIMMY WILSON, Plaintiff**

v.

**BROOKSHIRE GROCERY COMPANY d/b/a FRESH BY BROOKSHIRE'S, Defendant**

**CIVIL ACTION NO. 6:26-CV-00373-KNM**
**JURY DEMANDED**

# PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (DOC. 18)

## I. INTRODUCTION AND RESPONSE TO DEFENDANT'S STATEMENT OF ISSUES

Plaintiff Jimmy Wilson, proceeding pro se, respectfully opposes Defendant Brookshire Grocery Company d/b/a FRESH by Brookshire's Motion to Dismiss the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) (Doc. 18). Plaintiff asks the Court to deny the motion. Alternatively, if the Court finds any claim insufficiently pleaded, Plaintiff asks for leave to file a second amended complaint under Rule 15(a)(2), rather than dismissal with prejudice.

Defendant's issues are whether the First Amended Complaint plausibly alleges: (1) ADA disability discrimination; (2) failure to accommodate; (3) ADA retaliation and, to the extent applicable, Title VII retaliation; (4) a Title VII religion claim within the scope of administrative exhaustion; (5) ADEA age discrimination; (6) a hostile work environment; and (7) constructive discharge. Plaintiff responds that the complaint must be read as a whole and at this stage its well-pleaded factual allegations must be accepted as true. The Court is not being asked to decide whether Plaintiff can prove the claims after discovery.

Plaintiff recognizes that the First Amended Complaint can be more specific in certain respects, including the practical effects of his PTSD and other medical conditions, the identities and roles of people involved in the schedule decision, and the scope of his EEOC charge. Those are not reasons to dismiss every claim with prejudice. Plaintiff asks the Court to consider the factual allegations already pleaded and, if more detail is required, permit a targeted amendment.

## II. GOVERNING LEGAL STANDARD

A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the truth of the allegations or the strength of the evidence. The Court accepts well-pleaded factual allegations as true and draws reasonable inferences in the plaintiff's favor. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff need not plead a prima facie case under the McDonnell Douglas framework to survive dismissal. Raj v. La. State Univ., 714 F.3d 322, 331 (5th Cir. 2013); Cicalese v. Univ. of Tex. Med. Branch, 924 F.3d 762, 767–68 (5th Cir. 2019). The question is whether the facts, taken together, plausibly support entitlement to relief.

Plaintiff does not contend that pro se status excuses compliance with Rule 8. But the Court should assess the factual allegations as a whole, not isolate each event and require Plaintiff to prove his case before discovery. Where a pleading deficiency can potentially be corrected with additional factual detail, Rule 15(a)(2) instructs that leave to amend should be freely given when justice requires. Fed. R. Civ. P. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962).

## III. ARGUMENT

### A. The ADA claims should not be dismissed with prejudice.

Defendant argues that Plaintiff did not describe his disability or identify the major life activities affected by it. The First Amended Complaint alleges that Plaintiff had PTSD and other documented medical conditions, was receiving treatment, disclosed the condition to management, sought schedule flexibility connected to therapy and treatment, identified medical documentation in written HR complaints, and was later asked by a supervisor at Store No. 803 to provide proof of PTSD. Those allegations provide factual context for Defendant's knowledge and Plaintiff's accommodation request; they are more than an unsupported use of the word "disabled."

The ADA defines disability to include an impairment that substantially limits one or more major life activities, a record of such an impairment, or being regarded as having such an impairment. 42 U.S.C. § 12102(1). The statute directs that "disability" be construed broadly. Id. § 12102(4)(A). Plaintiff acknowledges that the First Amended Complaint should identify more clearly the particular major life activities affected and how his condition affected them. If the Court finds that omission material, Plaintiff requests leave to amend to provide accurate, specific details supported by his personal knowledge and medical records. Plaintiff does not ask the Court to assume limitations that are not stated in the pleading.

Defendant also argues that the February 2026 transfer occurred too long after the March 2025 accommodation request to support causation. Plaintiff agrees that timing alone across an eleven-month gap is not the entire answer. His theory, however, is not based on timing alone. The complaint alleges a course of events that included a substantial reduction from approximately five workdays to three, written HR complaints in July 2025, heightened scrutiny, an accusation of misconduct without a disclosed factual basis or formal write-up, a transfer authorized by General Manager Mike Yates to a substantially more distant store, a statement by Chef Rocky Wright that Plaintiff was being monitored, and a later request by Chef Scott for proof of PTSD. Whether these events were connected and why the transfer occurred are factual matters that should not be resolved by accepting Defendant's characterization of its motives at the pleading stage.

Plaintiff recognizes that the present complaint does not allege facts showing that Mike Yates personally received the July 2025 complaints. Plaintiff can amend to state more specifically the facts concerning General Manager Robert Ring's role, knowledge of the written HR complaint, and response to the accommodation request, if the Court determines that the current pleading is insufficient. Plaintiff requests leave to add those facts rather than dismissal with prejudice.

### B. The failure-to-accommodate claim concerns the medical request, not the separate religious Sunday request.

Defendant treats Plaintiff's medical schedule request and religious Sunday request as though they were one request. The First Amended Complaint distinguishes them. In March 2025, Plaintiff requested Fridays and Sundays off for counseling and treatment based on advice from treatment providers. Management said the store was too busy to provide that requested schedule. Plaintiff separately requested Sunday off for a religious reason, and management granted that separate request. Plaintiff does not claim that an employer must pay wages for hours not worked. His ADA claim concerns the medical/therapy request and the subsequent reduction from approximately five workdays per week to approximately three, which Plaintiff alleges was not the accommodation he requested and reduced his earnings.

An employee may state an ADA accommodation claim by alleging that he had a disability, the employer knew of it, he could perform the job's essential functions with a reasonable accommodation, and the employer failed to provide a reasonable accommodation. Feist v. Louisiana, Dep't of Justice, 730 F.3d 450, 452 (5th Cir. 2013). The ADA does not guarantee an employee the exact accommodation requested, but the fact that an employer cited staffing needs does not by itself establish, as a matter of law on the pleadings, that every reasonable accommodation was unavailable or that the employer adequately addressed the request. The complaint alleges that the requested medical schedule was not granted and that the schedule later fell from about five days to about three days per week.

Plaintiff recognizes that the complaint could more clearly identify any alternative schedule or other accommodation that was discussed or requested. If the Court concludes that this detail is necessary, Plaintiff requests leave to amend. Plaintiff also requests that the Court distinguish the failure-to-accommodate claim from the separate religious request and not treat the granted Sunday request as dispositive of the medical accommodation claim.

**C. The ADA retaliation claim is distinct from any Title VII retaliation theory.**

The First Amended Complaint alleges that Plaintiff requested a medical accommodation and submitted written HR complaints on July 21 and July 28, 2025, raising discrimination, disability-related treatment, accommodation, scheduling, reduced hours, public reprimands, and unequal treatment. Requesting an accommodation and opposing disability discrimination can be protected activity under the ADA. See 42 U.S.C. § 12203(a); Feist, 730 F.3d at 454. The complaint identifies actions Plaintiff contends followed, including reduced hours and income, heightened monitoring, an accusation of misconduct, the transfer, and a request for proof of PTSD.

Defendant is correct that a retaliation theory requires a plausible connection between protected activity and the challenged action, and that the person responsible for an action generally must know of the protected activity. Plaintiff does not ask the Court to infer liability merely because he complained and later experienced an adverse event. He asks the Court to assess the sequence as a whole and, if the current allegations do not sufficiently identify who knew what, to permit amendment. Plaintiff can provide more detail about his communications with HR and General Manager Robert Ring, including that Ring was aware of the July 2025 complaint and personally addressed Plaintiff concerning the requested schedule. Plaintiff requests leave to plead those facts expressly and to identify, to the extent known, the persons who made or communicated the challenged decisions.

The accusation of sexual misconduct is not pleaded as a separate sex-discrimination claim. Plaintiff denies the accusation and alleges that the employer did not disclose the factual basis or provide a disciplinary write-up establishing misconduct. Plaintiff understands that an employer may investigate a complaint and take legitimate steps to protect employees. His point is narrower: the existence of an accusation does not, by itself, resolve whether later treatment was retaliatory. The employer's reason and the circumstances surrounding the transfer can be tested with evidence after the pleadings are settled.

**D. The Title VII religion theory should not determine the outcome of the independent ADA and ADEA claims.**

The First Amended Complaint states that the religion theory is asserted only to the extent it is administratively exhausted. Defendant argues that the EEOC charge did not include religion. Plaintiff relies on the actual EEOC charge and right-to-sue record to define the scope of exhaustion; he does not ask the Court to assume that the religion theory was exhausted without reviewing that record. See Pacheco v. Mineta, 448 F.3d 783, 788–89 (5th Cir. 2006).

If the Court determines that the religion theory is outside the scope of the EEOC charge, Plaintiff requests that the Court dismiss only that theory, without prejudice if appropriate, and adjudicate the ADA and ADEA claims independently. The fact that Defendant granted the separate Sunday request does not resolve whether Plaintiff's separate medical accommodation request was handled lawfully or whether he experienced disability-based retaliation.

**E. The ADEA claim is supported by an age-related remark and surrounding employment events, but Plaintiff requests leave to add detail if needed.**

Plaintiff alleges that he was over 40, that on or about March 30, 2025 he personally heard age-related comments calling him "old" and "fat" and telling him to lose weight, and that managers Jimmy and Sandro were present, aware of, or permitted the comments while also involved in the surrounding schedule circumstances. The word "old" directly refers to age. The complaint further alleges that Plaintiff's schedule and earnings were reduced during the same general employment period and that other adverse treatment followed.

Plaintiff recognizes that an age-related remark, standing alone and untethered to a decision, may not establish an ADEA claim. He also recognizes that the ADEA requires but-for causation for ultimate liability. Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177–78 (2009). At the pleading stage, however, Plaintiff need not prove but-for causation or identify all comparator and personnel records that are controlled by Defendant. See Raj, 714 F.3d at 331. If the Court finds that the complaint does not adequately connect the remarks to the schedule decision or other challenged action, Plaintiff asks for leave to identify the speaker or speakers to the extent he can, clarify the role of the managers involved, and plead any additional facts supported by his knowledge and records. Plaintiff does not represent that he currently knows who replaced him or the ages of all comparators.

**F. The hostile-work-environment claim should be assessed as a whole, with leave to amend if the Court finds the allegations too general.**

The complaint alleges age-related insults, public humiliation, heightened monitoring of breaks and restroom periods, disability-related questioning, and an accusation of sexual misconduct, against the background of written complaints to HR. Plaintiff acknowledges that not every unpleasant workplace event is unlawful harassment and that a hostile-environment claim requires conduct sufficiently severe or pervasive to alter the conditions of employment. See Faragher v. City of Boca Raton, 524 U.S. 775, 787–88 (1998); Patton v. Jacobs Eng'g Grp., Inc., 874 F.3d 437, 445 (5th Cir. 2017).

Plaintiff's position is that the Court should not decide the frequency, context, credibility, or effect of the alleged conduct against him on a motion to dismiss. At the same time, Plaintiff recognizes that the First Amended Complaint does not give a date for every monitoring event or identify every speaker. If the Court concludes that the pleaded facts do not meet the severe-or-pervasive standard, Plaintiff requests leave to amend to add specific dates, speakers, witnesses, the effect on his work, and the complaints he made, but only to the extent those details can be truthfully stated.

**G. Constructive discharge is the weakest claim, but it should not cause dismissal of the independent claims.**

Plaintiff acknowledges that constructive discharge has a demanding standard: working conditions must be so intolerable that a reasonable employee would feel compelled to resign. Pennsylvania State Police v. Suders, 542 U.S. 129, 147 (2004); Brown v. Kinney Shoe Corp., 237 F.3d 556, 566 (5th Cir. 2001). The complaint does not allege that Brookshire formally fired Plaintiff. It alleges that his vehicle broke down shortly after the transfer to Longview, making the substantially longer commute unreliable, and that the vehicle failure occurred in the context of the preceding employment conditions and transfer hardship.

Plaintiff does not claim that Brookshire caused the mechanical failure. He pleads constructive discharge in the alternative and acknowledges that the vehicle breakdown makes this claim more difficult. Even if the Court dismisses constructive discharge, that would not dispose of separate claims concerning the earlier schedule reduction, alleged failure to accommodate, retaliation, or age-related treatment. Plaintiff asks that any dismissal be limited to the specific claim found deficient, not extended to independent claims based on discrete earlier conduct.

**IV. REQUEST FOR LEAVE TO AMEND IN THE ALTERNATIVE**

If the Court concludes that any claim is insufficiently pleaded, Plaintiff respectfully requests leave to file a second amended complaint under Rule 15(a)(2). Plaintiff would seek to clarify, without changing the core events, (1) the specific major life activities affected by his PTSD and other medical conditions and the practical limitations supported by his records; (2) the details of his medical schedule request and any alternative accommodation discussions; (3) the July 2025 HR complaints and General Manager Robert Ring's knowledge and response; (4) the roles of the individuals involved in the schedule reduction, monitoring, and transfer; (5) the specific conduct, dates, and effects supporting any hostile-environment claim; and (6) the scope of the EEOC charge as to each claim.

Plaintiff requests this opportunity in good faith and will not allege facts he cannot support. Rule 15 favors allowing amendment absent undue delay, bad faith, repeated failure to cure, undue prejudice, or futility.

Foman, 371 U.S. at 182. Because the requested relief is an opportunity to clarify facts rather than to delay the case, Plaintiff asks the Court not to dismiss the entire action with prejudice.

**V. CONCLUSION**

For these reasons, Plaintiff respectfully requests that the Court DENY Defendant's Motion to Dismiss (Doc. 18). Alternatively, Plaintiff requests that the Court dismiss only any specific claim found deficient, without prejudice where appropriate, and grant leave to file a second amended complaint. Plaintiff further requests all other relief to which he is entitled.

Respectfully submitted,

/s/ Jimmy Wilson

Jimmy Wilson

Plaintiff, Pro Se

416 West Woldert Street, Apartment A

Tyler, Texas 75702

Telephone: (469) 826-9979

Email: wilsonjimmy58@yahoo.com

Date: Oct 15, 2026

**CERTIFICATE OF SERVICE**

I certify that on Oct 15, 2026, I served a true and correct copy of this Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint on counsel for Defendant through the Court's CM/ECF system, which provides electronic notice to counsel of record.

/s/ Jimmy Wilson

Jimmy Wilson, Plaintiff Pro Se

Jimmy Wilson