FILED
NOV 18 2026
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF TEXAS**

**TYLER DIVISION**

**JIMMY WAYNE WILSON, §**

**Plaintiff, §**

**§**

**v. § CIVIL ACTION NO. 6:26-CV-00373-KNM**

**§**

**BROOKSHIRE GROCERY COMPANY §**

**d/b/a FRESH BY BROOKSHIRE'S, §**

**Defendant. §**

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**TO THE HONORABLE COURT:**

Plaintiff Jimmy Wayne Wilson, proceeding without an attorney, respectfully asks the Court for leave to file the attached Second Amended Complaint under Federal Rule of Civil Procedure 15(a)(2). Plaintiff submits this motion to correct the filing procedure identified in the Court's November 18, 2026 Order (ECF No. 23).

## 1. THE PROCEDURAL HISTORY

1. Plaintiff filed his First Amended Complaint (ECF No. 15). Defendant then filed its Motion to Dismiss the First Amended Complaint (ECF No. 18).

2. Plaintiff later submitted a proposed Second Amended Complaint as ECF No. 22. Plaintiff did not first file a motion for leave and did not obtain Defendant's written consent.

3. On November 18, 2026, the Court struck ECF No. 22 because Plaintiff had not requested leave or shown written consent. The Court did not decide the merits of the proposed pleading. (ECF No. 23.)

4. Plaintiff understands the Court's instruction and now asks for permission before filing the proposed amended pleading. Plaintiff is not asking the Clerk to refile ECF No. 22 automatically. He asks the Court to consider the attached proposed complaint as Exhibit A and grant leave under Rule 15(a)(2).

## 2. WHY LEAVE SHOULD BE GRANTED

5. Rule 15(a)(2) provides that the Court should freely give leave to amend when justice so requires. The Supreme Court has identified reasons that may justify denying leave, including undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, and futility. Foman v. Davis, 371 U.S. 178, 182 (1962).

6. Plaintiff acted promptly after the Court identified the procedural defect. This motion directly addresses the reason the Court struck ECF No. 22: Plaintiff now requests leave before filing the amended pleading.

7. Plaintiff seeks to clarify and organize facts about the same employment relationship, the same Brookshire stores, the same managers and supervisors, and the same events already described in the First Amended Complaint. Plaintiff does not add a new defendant or a separate transaction. The proposed pleading gives

more detail about the medical schedule request, the reduction in hours, the written HR complaints, the age-related comments, the transfer, the later monitoring, and the end of employment.

8. The proposed pleading also narrows the issues. It does not assert a separate Title VII religious-discrimination claim. It explains that the Sunday religious request was separate from the earlier medical/therapy schedule request. It also makes clear that the sexual-misconduct accusation is described as part of the sequence of workplace events, not as a separate claim that Plaintiff was sexually harassed.

9. The proposed amendment is not offered to delay the case or to harass Defendant. Plaintiff is attempting in good faith to present the facts in one organized pleading and to address the specific deficiencies raised in Defendant's October 2, 2026 motion to dismiss.

10. Allowing the amendment will not unfairly prejudice Defendant. The proposed pleading concerns events at the same two stores and involves the same employer and employment period already at issue. Defendant will have the opportunity to respond to the amended pleading under the Federal Rules. If the Court grants leave, Plaintiff understands that the Second Amended Complaint will replace the First Amended Complaint in its entirety.

11. Plaintiff recognizes that the Court may still consider whether any particular claim is legally sufficient. Granting leave does not decide the merits. It allows the case to proceed on a complete, clarified pleading rather than on a pleading that Plaintiff attempted to file without first obtaining permission.

**3. THE PROPOSED AMENDMENT ADDRESSES THE ISSUES RAISED IN ECF NO. 18**

12. Disability and limitations. Defendant argued that the First Amended Complaint did not identify the impairment's effects on major life activities. The proposed complaint identifies the May 2024 Major Depressive Disorder diagnosis at Andrews Center Behavioral Healthcare and describes the work-related effects Plaintiff reports, including difficulty thinking clearly and coping in circumstances involving perceived monitoring or crowded environments. The proposed complaint distinguishes the documented Major Depressive Disorder diagnosis from Plaintiff's separate reports of PTSD symptoms; it does not state that the May 2024 record diagnosed PTSD unless that record actually says so.

13. Accommodation request. The proposed complaint explains that Plaintiff requested Fridays and Sundays off in March 2025 for treatment-related reasons, that he explained the medical reason, that management said the store was too busy, and that his schedule later fell from about five workdays to about three. It distinguishes the later Sunday religious request from the earlier medical request and alleges that the reduction went beyond simply removing one Sunday shift.

14. Retaliation and decision-maker knowledge. The proposed complaint separates the March 2025 accommodation request from the later July 2025 HR and EEOC complaints, because the July complaints could not have caused an earlier March schedule reduction. It identifies the managers and HR personnel Plaintiff says knew about the medical request and complaints. It also candidly states that Plaintiff does not presently know what information was communicated to Mike Yates before the February 2026 transfer.

15. Age-related treatment. The proposed complaint identifies the words Plaintiff personally heard on or about March 30, 2025, and alleges that managers involved in the scheduling circumstances were present, aware, or allowed the comments. It does not falsely claim that a particular manager spoke the words when Plaintiff cannot confirm that fact.

16. Transfer and separation. The proposed complaint identifies the February 13, 2026 transfer to Store No. 803, the increased commute, the later closing schedule, Plaintiff's conversations with supervisors about his reported PTSD symptoms, and his resignation by telephone around March 7, 2026. It also acknowledges that the vehicle breakdown was not caused by Brookshire and does not rely on the breakdown alone as proof of

constructive discharge.

**4. REQUEST FOR RELIEF**

17. Plaintiff respectfully asks the Court to:

(a) grant this Motion for Leave to File Second Amended Complaint;

(b) accept the proposed Second Amended Complaint attached as Exhibit A for filing as of the date leave is granted;

(c) treat the Second Amended Complaint as the operative pleading and the First Amended Complaint (ECF No. 15) as superseded; and

(d) deny Defendant's pending Motion to Dismiss (ECF No. 18) as moot, without prejudice to any motion Defendant may file directed to the Second Amended Complaint, or otherwise set an appropriate response schedule.

**Respectfully submitted,**

/s/ Jimmy Wayne Wilson

Jimmy Wayne Wilson

Plaintiff, Pro Se

416 West Woldert Street, Apartment A

Tyler, Texas 75702

Telephone: (469) 826-9979

Email: wilsonjimmy58@yahoo.com

**CERTIFICATE OF SERVICE**

I certify that on Nov 18, 2026, I served a true and correct copy of this motion and its attachments on counsel of record for Defendant through the Court's CM/ECF system, which provides electronic notice to registered participants.

/s/ Jimmy Wayne Wilson

Jimmy Wayne Wilson

**CERTIFICATE REGARDING CONFERENCE**

Plaintiff is proceeding pro se. The Eastern District of Texas Local Rule CV-7(i) states that the meet-and-confer and certificate-of-conference requirements do not apply to pro se litigants.